# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---

## NO. 03-25-00606-CV

---

**Blayne Williams, Sr., Appellant**

**v.**

**Norman Bennett, Appellee**

---

### FROM THE 353RD DISTRICT COURT OF TRAVIS COUNTY
### NO. D-1-GN-18-006562, THE HONORABLE AMY CLARK MEACHUM, JUDGE PRESIDING

---

## M E M O R A N D U M   O P I N I O N

Pro se appellant Blayne Williams, Sr., appeals from the trial court's dismissal for want of prosecution. Williams raises seven issues that, while difficult to parse, mostly relate to the substance of his underlying claims that were brought against appellee Norman Bennett, who presided as a hearing examiner over Williams's appeal of his suspension from the Austin Police Department.[1] Because we ultimately conclude that Williams has not shown the trial court abused its discretion by dismissing his claims for want of prosecution, we affirm the trial court's judgment.

---

[1] Specifically, Williams argues that: (1) either Bennett's or the trial court's "Failure to Prosecute Constitutes Palpable Injury"; (2) the administrative proceeding over which Bennett presided constituted a collateral attack on an expunction order; (3) Williams could sue Bennett, notwithstanding Bennett's status as a government official; (4) Bennett did not have jurisdiction to issue any order with respect to the underlying administrative proceeding; (5) certain portions of the administrative record are improperly redacted; (6) Bennett allegedly engaged in racial discrimination; and (7) Bennett violated Section 143.057 of the Local Government Code.

## I. BACKGROUND

Williams is a former police officer who was suspended from his duties. Bennett was the third-party hearing examiner who presided over Williams's appeal of this suspension. In 2018, Williams sued Bennett in district court, challenging Bennett's resolution of the appeal.

In February 2025, the trial court notified Williams that his suit was subject to dismissal for want of prosecution. Williams filed a motion to retain the case, arguing that "[g]ood cause exists as there are constitutional issues that warrant the Plaintiff . . . to clear his name" and that dismissal would cause "irreparable harm." In April 2025, a suggestion of death was filed concerning Bennett, reflecting that Bennett had passed away on or about June 29, 2023. On May 20, 2025, the trial court dismissed Williams's case for want of prosecution. This appeal followed.

## II. DISMISSAL

Williams's brief focuses almost exclusively on the propriety of Bennett's actions during the appeal of Williams's suspension and seems to confuse a dismissal for want of prosecution with a determination of the merits of his claims. But a dismissal for want of prosecution is not ordinarily a judgment on the merits. *Gracey v. West*, 422 S.W.2d 913, 917 (Tex. 1968). When reviewing a dismissal for want of prosecution, "the central issue is whether the plaintiffs exercised reasonable diligence." *MacGregor v. Rich*, 941 S.W.2d 74, 75 (Tex. 1997). Thus, to succeed on appeal, Williams was required to show—or at least argue—that he exercised reasonable diligence in litigating his claims. *See id.*

"While we liberally construe pro se briefs, we are required to hold pro se litigants to the same standards as licensed attorneys and require them to comply with applicable laws and

2

rules of procedure." *Ware v. Estate of Simpson*, No. 03-14-00083-CV, 2015 WL 9436522, at *6 (Tex. App.—Austin Dec. 22, 2015, no pet.) (mem. op.) (citing *Mansfield State Bank v. Cohn*, 573 S.W.2d 181, 185–86 (Tex. 1978)). "To do otherwise would give a pro se litigant an unfair advantage over a litigant who is represented by counsel." *Id.* A generous interpretation of Williams's brief suggests that Williams believes it was either the trial court's or Bennett's obligation to timely move his case forward. But Williams does not cite any authority to support an assertion that anyone other than the plaintiff is responsible for moving his case forward. *See* Tex. R. App. P. 38.1(i). Nor have we found any authority that supports such a notion. *Cf. Royal Canin U.S.A., Inc. v. Wullschleger*, 604 U.S. 22, 35 (2025) ("The plaintiff is 'the master of the complaint,' and therefore controls much about h[is] suit.").

Here, the case was on file for nearly seven years when the trial court dismissed it. And during the two years immediately preceding the dismissal order, Bennett had apparently been deceased.[2] Moreover, Williams's motion to retain does not discuss what steps, if any, he had taken to diligently prosecute his case. We conclude that Williams has failed to demonstrate that the trial court abused its discretion by dismissing his claims for want of prosecution. *See* *MacGregor*, 941 S.W.2d at 75. Because none of the other issues raised, if meritorious, would entitle him to any relief from the dismissal for want of prosecution, we overrule all seven issues Williams raises on appeal. *See Henson v. Estate of Crow*, 734 S.W.2d 648, 649 (Tex. 1987)

---

[2] Bennett's death does not deprive either us or the trial court of jurisdiction. *See Coven v. Dailey*, 652 S.W.2d 527, 529 (Tex. App.—Austin 1983, writ ref'd n.r.e.) (affirming dismissal for want of prosecution where appellant "has done nothing . . . to cause the clerk to issue scire facias requiring [appellee's] legal representative to defend the suit"); *Clark v. Turner*, 505 S.W.2d 941, 946 (Tex. App.—Amarillo 1974, no writ) ("[A]lthough there has been a suggestion of death of the defendant in a case, in the event that proper diligence is not used by the plaintiff to revive the action, the court would be authorized in dismissing the suit for want of prosecution.").

(declining to address issue raised by petitioner because that was not "[t]he dispositive question"); *Coven v. Dailey*, 652 S.W.2d 527, 528 (Tex. App.—Austin 1983, writ ref'd n.r.e.) ("While appellant brings to this Court seventeen separately stated points of error, we believe they all reduce to the single issue of whether the trial court abused its discretion [by dismissing for want of prosecution].").

### III.   CONCLUSION

We affirm the trial court's dismissal for want of prosecution.

_____
Maggie Ellis, Justice

Before Justices Triana, Kelly, and Ellis

Affirmed

Filed:   July 17, 2026